J-A12027-17

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| DEMOND DUPREE MITCHELL | : | |
| | : | |
| Appellant | : | No. 1687 WDA 2016 |

Appeal from the Order Entered October 6, 2016
In the Court of Common Pleas of Erie County
Criminal Division at No(s):  CP-25-CR-0001500-2016

BEFORE: OLSON, J., SOLANO, J. and, RANSOM, J.

CONCURRING STATEMENT BY SOLANO, J.:          **FILED AUGUST 25, 2017**

In ***Commonwealth v. Ricker***, 120 A.3d 349 (Pa. Super. 2015), ***pet. for allowance of appeal granted***, 135 A.3d 175 (Pa. Apr. 18, 2016), and ***Commonwealth v. McClelland***, ___ A.3d ___, 2017 WL 2312083 (Pa. Super. May 26, 2017), this Court resolved the substantive issues raised by Appellant under the Confrontation and Due Process Clauses.  As a panel of this Court, we are bound by those decisions, and I therefore conclude that Appellant is not entitled to relief on those substantive issues.

I disagree, however, with the Majority's conclusion that we lack jurisdiction to hear these appeals.  In ***Ricker*** and ***McClelland***, we held that we had jurisdiction to hear issues substantially identical to those raised by Appellant under the "exceptional circumstances" theory advanced in those decisions.  In explaining why we had jurisdiction, we said, "Not only is Appellant's claim capable of evading review, it presents an important

constitutional question regarding whether a powerful state governmental entity violates federal and state constitutional principles in allowing a defendant to be restrained of his liberty and bound over for trial based solely on hearsay evidence." *Ricker*, 120 A.3d at 354 (addressing Confrontation Clause challenge); *see McClelland*, 2017 WL 2312083, at *1 ("the same reasoning applies" to a Due Process challenge).

The Majority holds, however, that although we had jurisdiction in *Ricker* and *McClelland*, we lack jurisdiction in these cases because "extraordinary circumstances" no longer are present here. The Majority reasons that because *Ricker* and *McClelland* have now decided the "important constitutional questions" that gave rise to the extraordinary circumstances in those cases, anything we say about those issues here is redundant. Maj. Memo. at 7. But for this defendant faced with these same constitutional questions, the matters raised here are no less important and the circumstances are no less extraordinary. Nothing in *Ricker* suggested that its jurisdictional holding applied to just that one case. Any such limitation would be both peculiar and suspect, since it would afford a special, one-time-only ticket to the courthouse door to only that litigant who was swiftest to present the issue, and then bar all other comers. We do not create jurisdictional doctrine in that way. I therefore disagree with the decision to quash these appeals, although I agree that on the merits no relief is due.